RECEIVED

MAR 0 9 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 01-0678 |
| VERSUS | JUDGE MELANCON |
| 10.00 ACRES OF LAND, MORE OR LESS, SITUATED IN ST. MARTIN PARISH, STATE OF LOUISIANA, AND IRENE THIBODEAUX VIATOR, ET AL AND UNKNOWN OWNERS | MAG. JUDGE HILL<br><br>LAND COMMISSION |

## REPORT AND RECOMMENDATION

The trial of this matter came before the Atchafalaya Basin Land Commission (the "Commission") on February 21, 2006, for a compensation hearing.

By Order dated July 1, 1992, pursuant to provisions of Rule 71A(h) of the Federal Rules of Civil Procedure, United States District Court for the Western District of Louisiana, Lafayette-Opelousas Division, through its Chief Judge, John M. Shaw, filed an Order appointing the Atchafalaya Basin Land Commission and issuing legal instructions to the Commission. The purpose of the Commission is to "determine the issue of just compensation in a condemnation proceeding, as it relates to actions that were filed in the Western District of Louisiana relating to the condemnation of property in the Parishes of Iberia, St. Landry, St. Mary, and St. Martin, Louisiana." At the conclusion of the hearing the Commission shall "file with the Court in the nature of an award stating specific findings as to the matters on which the evaluations were based and illustrating how they applied the principals of law in reading their ultimate conclusions as to each tract." (Order, pp. 3 – 4)

In the present case, the United States of America filed a Complaint in Condemnation for the purpose of obtaining a perpetual and assignable right and easement in, on, over, and across Tract No. 2601E, as more particularly described therein, prohibiting:

1) The conversion or development of said land from the existing uses (as described in Schedule B-1 and as reflected on a map which is filed in the records of the U.S. Army Engineer District, New Orleans), to other uses;

2) The constructions or placement of new permanently habitable structures (existing permanently habitable structure(s) are described in Schedule B-1 and are reflected on a map which is filed in the records of the U.S. Army Engineer District, New Orleans);

3) The construction or placement of all other new structures, including camps (existing camp(s) / structure(s) are described in Schedule B-1 and are reflected on a map which is filed in the records of the U. S. Army Engineer District, New Orleans), situated or located on said land without the prior written approval of the District Engineer, U.S. Army Engineer District, New Orleans, or his duly authorized representative, but specifically excluding any structures used in the exploration, development, and/or production of oil, gas, and all other minerals, permitting, however, the owner to rebuild a destroyed structure under the existing permit.

4) Any timber operation which involves:

   a) Removal of any bald cypress greater than 42 inches in diameter at 10 feet above the ground. (The timber included in this prohibition will not be included in basal area calculations on other cypress restrictions below).

   b) Removal of oak, ash, and sweet pecan less than 20 inches in diameter at 12 inches above the ground, and water tupelo and bald cypress less than 24 inches in diameter at 2 feet above the ground, unless 40 square feet of basal area, per acre, in any combination of these species, is maintained.

Exceptions to timber harvesting restrictions, contained in paragraph 4, which promote fish and wildlife preservation by regeneration of desired timber species, involve disease and insect control, or involve salvage removal of timber, may be allowed with the written consent of the District Engineer, New Orleans District, or his duly authorized representative.

Reserving, however, unto the owners, their heirs, and assigns all oil, gas, mineral rights; and further reserving all such other rights and privileges as may be used and enjoyed without interfering with or abridging the rights and easements hereby acquired, subject, however, to existing easements for public roads and highways, public utilities, railroads, and pipelines.

The United States of America introduced into evidence the appraisal report dated effective March 17, 1997, of Irving J. Eppling, Sr., MAI, a Louisiana State Certified General Real Estate Appraiser (Certificate No. 0257) and setting forth the United States of America's position as to the market value of the easements taken as of March 19, 1997. The opinion reflects the following market value of the easements as of March 19, 1997, estimated to be as follows:

TRACT NO. 2601E
| | |
|---|---|
| Value Before | $ 4,840 RND |
| Value After | $ 4,065 RND |
| Value of Easement | $ 775 RND |

The United States of America also introduced into evidence the Written Declaration of Judith Y. Gutierrez dated January 10, 2006, an appraiser for the United States Corp. of Engineers, New Orleans District. Ms. Gutierrez attested that she was responsible for processing Administrative Appraisal Reviews for appraisal reports prepared under contract for properties that would be acquired by the United States in Condemnation proceedings In that capacity, her responsibilities include assuring that the appraisal reports comply with contract requirements, are mathematically

accurate, and/or in compliance with the Uniform Appraisal Standards for Federal Land Acquisitions and the Uniform Standards of Professional Appraisal Practices (USPAP). In such capacity, she further attested that she conducted an administrative appraisal desk review on the appraisal introduced into evidence, and found that the appraisal report for the tracts complies with contract requirements, is mathematically accurate, and is in compliance with the Uniform Appraisal Standards for Federal Land Acquisitions and the USPAP.

No oral testimony was submitted by the United States of America. No evidence at all was submitted by any of the defendants at the compensation hearing.

Therefore, based on the evidence submitted, the Commission finds the value of the easements to be those reflected in the above-referenced appraisal report dated effective March 17, 1997, a copy of which is attached hereto and made a part hereof.

THUS, READ, RENDERED, AND SIGNED by the members of the Commission, this 15th day of March, 2006.

_____
DAVID W. GRONER
Chairman, Land Commission

_____
PHILIP H. BOUDREAUX
Commissioner

_____
CHARLES T. SNYDER
Commissioner

# DAVID GRONER, PLC
## ACCIDENT & INJURY ATTORNEYS

DAVID W. GRONER
dgroner@davidgroner.com

APRIL P. DEFELICE
adefelice@davidgroner.com

230 WEST MAIN STREET
NEW IBERIA, LOUISIANA 70560-3735

TELEPHONE (337) 364-3629
FACSIMILE (337) 367-2438
www.davidgroner.com

March 7, 2007

Ms. Catherine Bacon
Deputy Clerk-In-Charge
Western District of Louisiana
2100 John M. Shaw U.S. Courthouse
800 Lafayette Street
Lafayette, LA 70501

> *United States of America v. Land St. Landry Parish*
> *10 Acres More or Less, et al.*
> *United States District Court*
> *Western District of Louisiana*
> *Lafayette-Opelousas Division*
> *Civil Action No. 01-0678*
> *Judge Melancon/Magistrate Judge Hill*
> *Land Commission*

Dear Honorable Bacon:

Please find enclosed the original and one (1) copy of the Report and Recommendation for a compensation hearing which was held in the above referenced matter on February 21, 2006. I ask that you file the enclosed into the record of your office and return a conformed copy to the undersigned.

If you should have any questions, please do not hesitate to contact me or my assistant, Tasha.

Sincerely,

DAVID W. GRONER

DG/tr
cc:   Honorable Tucker L. Melancon *(w/ enclosures)*
      Mr. Philip H. Boudreaux *(w/ enclosures)*
      Mr. Charles T. Snyder *(w/ enclosures)*
      Ms. Patricia B. Simon *(w/ enclosures)*
      Ms. Janice E. Hebert *(w/ enclosures)*